# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Rebecca L. Butcher
Direct Dial: (302) 467-4415
Email: butcher@lrclaw.com

Telephone: (302) 467-4400
Facsimile: (302) 467-4450

March 22, 2023

<u>VIA ECF</u>

Hon. Christopher J. Burke, U.S.M.J.
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

**Re:** *Sage Chemical, Inc., et al. v. Supernus Pharmaceuticals, Inc., et al.*, No. 22-1302-CJB, Joint Letter re Disputed Provisions of Proposed Scheduling Order

Dear Judge Burke:

Plaintiffs and Defendants jointly submit this letter and the attached proposed scheduling order bolding disputes remaining for resolution by the Court. The parties are currently unable to state whether it will be possible to settle the case.

## I. Plaintiffs' Position

<u>Fact Discovery</u>: Plaintiffs filed this case nearly six months ago on October 3, 2022. Discovery should move forward without further delay. As Your Honor recognized, "each day that this case is stalled is a day that [Plaintiffs] lose out on the potential to obtain customers and market share," and the public has an interest in "the expeditious resolution of a private antitrust action." D.I. 79. The Federal Trade Commission further highlighted that this "case may have significant implications for patients" and that the "savings generic competition provides consumers" can "incentivize brand companies … to delay or block generic competition." D.I. 92-3 at 1. Defendants' financial incentive to prolong this litigation supports ordering detailed deadlines to ensure that discovery is not used as another means to delay generic competition.

Without specific, Court-ordered deadlines, Plaintiffs have concerns based on experience in this case that Defendants will further delay discovery by failing to move forward with negotiations concerning discovery protocols. As one example, despite Plaintiffs' repeated requests for comments, Defendants still have not responded to the draft protective order Plaintiffs sent Defendants on December 9, 2022. D.I. 70-1. As another example, after repeatedly refusing to hold a 26(f) conference and even after the second time Defendants were ordered to do so (D.I. 62, D.I. 79), Defendants were still unprepared to disclose basic information needed to meaningfully propose the joint "discovery plan" required by Rule 26(f) in the short time Defendants would first make themselves available, and only as a group, this Monday at 4:00 p.m. Defendants were purportedly unavailable all last week. While Plaintiffs disclosed the number of their custodians and were prepared to discuss details about preservation and sources of discoverable evidence, Defendants would not even provide an estimated number of relevant individuals, and only one of

*Honorable Christopher J. Burke, U.S.M.J*
*March 22, 2023*

the three Defendant groups (Britannia) could even confirm automated ESI deletions had been suspended or discuss anticipated defenses.

The Court should order discovery to proceed apace with substantial completion of party document productions to occur by September 1, 2023 (i.e., about 163 days from submission of the proposed scheduling order) and fact discovery to conclude by November 15, 2023 (i.e., about 238 days from submission of the proposed scheduling order) consistent with the timelines ordered in even more complex cases.[1] Given Defendants' refusal to provide even a general estimate of the number of custodians they anticipate, there is no basis for Defendants to reject Plaintiffs' proposal. Defendants' delays to date further support setting interim deadlines to ensure discovery moves forward efficiently, for example, by setting firm dates by which to agree on ESI and deposition protocols, custodians, and the form of privilege logs to minimize future disputes and motion practice. Defendants should further be required to produce the key documents requested in Plaintiffs' First and Second Sets of Requests, both served months ago, no later than April 19, 2023. These requests seek non-privileged agreements and key documents largely from centralized files that will inform further discovery requests, and documents sufficient to show that the individual defendants have contacts to this jurisdiction. D.I. 70-1, D.I. 70-7.

Supplementation of Pleadings: The deadline to join parties and amend or supplement the complaint should be 60 days before the close of fact discovery and, at a minimum, after Defendants' final motions to dismiss are resolved. As this Court's prior orders demonstrate, it is not unusual for parties to be able to join parties or amend pleadings during fact discovery.[2]

Requests for Admission and Interrogatories: Plaintiffs propose a maximum of 30 RFAs per party, aside from authentication RFAs to streamline time otherwise spent authenticating documents in depositions and trial, and 30 interrogatories per party. As Your Honor's scheduling orders confirm, in a case with multiple defendants, it is appropriate to set the maximum number of RFAs and Interrogatories per party.[3] Not only does the plain language of the Federal Rules support this position,[4] but Defendants' "per side" proposal would result in each Plaintiff responding to *five times more* RFAs and interrogatories than each Defendant.

Deposition Limits: Defendants have failed to provide even the most basic information needed to negotiate deposition limitations at this time. The parties should confer on deposition limitations and protocols once Defendants have provided information regarding their anticipated number of custodians and defenses.

Discovery Disputes: To ensure disputes can be resolved quickly for routine discovery matters despite the number of Defendants, the parties should have the flexibility to designate counsel either more junior than Lead Counsel or other defense counsel to meet and confer within five business days from a request to do so absent agreement or good cause.

---

[1] *See* Scheduling Order at 2, *In re Seroquel XR Antitrust Litig.*, No. 20-1076-CFC (D. Del. Sep. 23, 2022) (substantial completion 170 days after proposed scheduling order in antitrust litigation alleging delay of generic competition).
[2] *See* Scheduling Order at 2, *Wright v. Delaware*, No. 22-190-CJB (D. Del. June 3, 2022); *see also* Scheduling Order at 1, *In re Keurig Green Mountain Antitrust Litig.*, No. 14-02542-VSB-HBP (S.D.N.Y. Mar. 8, 2019).
[3] *See* Scheduling Order at 3, *Amerita, Inc. v. Defreitas*, No. 22-1197-CJB (D. Del. Mar. 6, 2023) (per party); Scheduling Order at 3-4, *Stream TV Networks Inc. v. Stastney*, No. 22-851-CJB (D. Del. Feb. 28, 2023) (per party and per side).
[4] *See* Fed. R. Civ. P. 33(a)(1) ("a party *may serve on any other party*") (emphasis added); Fed. R. Civ. P. 36(a)(1) ("[a] party *may serve on any other party* a written request to admit") (emphasis added); *Marnavi SpA v. Keehan*, 2010 WL 1499583, at *8 (D. Del. Apr. 14, 2010) (interrogatories and requests for admission on a *per party* basis).

*Honorable Christopher J. Burke, U.S.M.J*
*March 22, 2023*

Pretrial Conference: The pretrial conference should be scheduled 110 days after reply briefing is submitted in support of case dispositive motions, consistent with this Court's prior antitrust scheduling order.[5]

## II.   Defendants' Position

Consistent with the Court's order (D.I. 79), the parties conducted a 26(f) conference on March 20, 2023 using the Court's Rule 16 Scheduling Order Non-Patent form. Plaintiffs sent a draft proposal to Defendants on Saturday, March 18. Defendants conferred over the weekend before submitting their counterproposals to Plaintiffs in advance of the conference.

Defendants' proposed schedule reflects the size and complexity of the case, something that Plaintiffs do not dispute. Indeed, even under Plaintiffs' proposal, this case will not be ready for summary judgment until the middle of 2024, a view that Defendants share. Defendants would prefer to give the Court four months to consider dispositive motions before the start of pretrial deadlines, whereas Plaintiffs propose three—a modest difference, but one where Defendants' proposal allows the Court to better consider the extensive motions for summary judgment anticipated in this case. The proposed schedules end with Plaintiffs suggesting a December 2024 start to trial. Defendants believe that March 2025 is a more realistic timeline for the Court and the parties. But in general, the back half of the proposed schedules are not far apart.

Nevertheless, Plaintiffs allege that there is urgency because they have allegedly been denied access to the market, a claim they use to justify an unrealistic discovery schedule and interim deadlines for the ten Defendants named in their Amended Complaint. As Defendants explain in their Omnibus Motion to Dismiss, Plaintiffs' own conduct precluded Plaintiffs' entry to the market. But in any event, Plaintiffs' suggestion that this case will be ready for trial in 20 months, versus Defendants' proposal that the case will be ready for trial in 24 months, does not justify the unachievable discovery deadlines that Plaintiffs suggest.

The parties confronted philosophical differences in two places: (1) the time to complete discovery, and (2) Plaintiffs' attempt to shoehorn a number of non-customary terms and interim deadlines into the Court's form order.

Overall Discovery Schedule

Plaintiffs' deadline for substantial completion of document production is not at all realistic. This case is not only a complex antitrust matter, but a case where the allegations go back more than ten years, with interrelationships between the parties and with third-parties. Investigation of potential custodians and fact witnesses will be extensive. The discovery period needs to reflect the size and complexity of the undertaking. Defendants proposed a December 1, 2023 substantial completion of document production date in the spirit of cooperation. Even a roughly eight-month period to work with Plaintiffs on likely custodians, agree on search terms, deal with third-parties

---

[5] *See* Scheduling Order at 8, *3Shape Trios A/S v. Align Tech., Inc.*, No. 18-1332-LPS-CJB (D. Del. Mar. 19, 2019) (pretrial conference 107 days after reply briefing due).

*Honorable Christopher J. Burke, U.S.M.J*
*March 22, 2023*

who may have relevant information, review a decade's worth of documents, and get them in shape to produce may well be optimistic.

Plaintiffs' deadline for close of fact discovery is similarly not realistic. Defendants propose a three-and-a-half month period after substantial completion of documents to depose what could easily be dozens of witnesses. Plaintiffs' proposal of roughly seven months for *all* of fact discovery does not reflect the scale and scope of this case. Defendants' proposed dates are more consistent with the multi-defendant, complex case Plaintiffs have filed, and may even be a touch hopeful.

<u>Unreasonable Interim Deadlines/Variations to the Court's Standard Order</u>

The other major point of contention among the parties is Plaintiffs' many proposed changes to the Court's form order. Most of Plaintiffs' changes involve non-customary and unbalanced interim deadlines or supplemental rules for discovery.

Defendants, consistent with the Court's direction to "propose [a] Scheduling Order utilizing the Court's 'Rule 16 Scheduling Order Non-Patent'" form (D.I. 79), hewed close to the form order in their proposal. By contrast, Plaintiffs proposed significant revisions, looking to insert numerous protocols for disclosures and document discovery, change the Court's wording regarding RFAs and interrogatories, punt on the total number of deposition hours, and wholly rework the Court's meet and confer protocols,[6] among other changes.

Plaintiffs' most severe and unreasonable requirement is an attempt to force Defendants to comply with their pending document requests within 30 days of them having been formally served at the Rule 26(f) conference, proposing a deadline to produce documents by no later than April 19. That deadline is a perfect example of where Plaintiffs ignore not only the time-intensive work inherent in collecting, reviewing, and producing documents, but also the time it will take for the parties to work together to agree on which custodians, search terms, and other protocols should apply to production, as is routine in cases like this.

Plaintiffs' proposed scheduling order is an inappropriate medium to settle the ancillary issues Plaintiffs have raised. It is inconsistent with what the Court's form order indicates about the purpose of the scheduling order, and proposes substantial and unjustified changes to the Court's existing discovery protocols. Defendants are committed to ultimately reaching agreement on these discovery issues, but all are worse off when the Court is bothered with unnecessary disputes prematurely.

The one date Defendants would flag is Defendants' proposed August 1, 2023 deadline for motion to amend the pleadings. Plaintiffs propose a deadline after the close of document production, creating the possibility that Plaintiffs might add claims for which Defendants could not take document discovery. An August 1 deadline permits a substantial discovery period for Plaintiffs to fully develop the factual picture while still moving the case along.

---

[6] Plaintiffs would like the ability to penalize parties for not scheduling a meet and confer within five days of a request, a suggestion that reads like a trap rather than an effort to move the case forward.

4

*Honorable Christopher J. Burke, U.S.M.J*
*March 22, 2023*

| | |
|---|---|
| **OF COUNSEL:** | **LANDIS RATH & COBB LLP** |
| | */s/ Rebecca L. Butcher* |
| W. Gordon Dobie (*pro hac vice*) | Daniel B. Rath (No. 3022) |
| **WINSTON & STRAWN LLP** | Rebecca L. Butcher (No. 3816) |
| 35 W Wacker Drive | Jennifer L. Cree (No. 5919) |
| Chicago, IL 60601 | 919 Market Street, Suite 1800 |
| Telephone: (312) 558-5600 | Wilmington, DE 19801 |
| Fax: (312) 558-5700 | Telephone: (302) 467-4400 |
| Email: WDobie@winston.com | Facsimile: (302) 467-4450 |
| | rath@lrclaw.com |
| Susannah P. Torpey (*pro hac vice*) | butcher@lrclaw.com |
| **WINSTON & STRAWN LLP** | cree@lrclaw.com |
| 200 Park Avenue | |
| New York, NY 10166 | *Counsel for Plaintiffs Sage Chemical, Inc. and TruPharma, LLC.* |
| Telephone: (212) 294-6700 | |
| Fax: (212) 294-4700 | |
| Email: STorpey@winston.com | |
| | |
| Robert A. Julian | |
| **BAKER & HOSTETLER LLP** | |
| Transamerica Pyramid Center | |
| 600 Montgomery Street, Suite 3100 | |
| San Francisco, CA 94111-2806 | |
| Telephone: (415) 659-2600 | |
| Email: rjulian@bakerlaw.com | |
| | |
| **OF COUNSEL:** | **SAUL EWING LLP** |
| | */s/ Michelle C. Streifthau-Livizos* |
| Michael F. Brockmeyer | Gary W. Lipkin (#4044) |
| David S. Shotlander | Michelle C. Streifthau-Livizos (#6584) |
| Haug Partners LLP | 1201 N. Market Street, Suite 2300 |
| 1717 K Street, NW | Wilmington, DE 19801 |
| Suite 900 | (302) 421-6800 |
| Washington, DC 20006 | gary.lipkin@saul.com |
| Tel.: (202) 292-1530 | michelle.streifthau-livizos@saul.com |
| mbrockmeyer@haugpartners.com | |
| dshotlander@haugpartners.com | Charles O. Monk, II |
| | Jordan D. Rosenfeld |
| Ralph E. Labaton | Daniel M. Moore |
| Aakruti G. Vakharia | Saul Ewing LLP |
| Haug Partners LLP | 1001 Fleet Street, 9th Floor |
| 745 Fifth Avenue, 10th Floor | Baltimore, MD 21202-4359 |
| New York, NY 10151 | charles.monk@saul.com |
| rlabaton@haugpartners.com | jordan.rosenfeld@saul.com |
| avakharia@haugpartners.com | |

*Honorable Christopher J. Burke, U.S.M.J*
*March 22, 2023*

                                  Jeffrey S. Robbins
                                  Saul Ewing LLP
                                  131 Dartmouth Street, Suite 501
                                  Boston, MA 02116
                                  jeffrey.robbins@saul.com

*Attorneys for Defendants Supernus Pharmaceuticals, Inc., MDD US Enterprises, LLC and MDD US Operations, LLC*

| **OF COUNSEL:** | **MCCARTER & ENGLISH, LLP** |
|---|---|
| Eric J. Stock | */s/Daniel M. Silver* |
| Joshua Obear | Daniel M. Silver (#4758) |
| Gibson Dunn & Crutcher LLP | Alexandra M. Joyce (#6423) |
| 200 Park Avenue | Renaissance Centre |
| New York, NY 10166 | 405 N. King Street, 8th Floor |
| (212) 351-2301 | Wilmington, DE 19801 |
| estock@gibsondunn.com | (302) 984-6300 |
| sbarday@gibsondunn.com | dsilver@mccarter.com |
| jobear@gibsondunn.com | ajoyce@mccarter.com |

*Counsel for Defendants US WorldMeds Partners, LLC, USWM, LLC, Paul Breckinridge Jones, Sr., Herbert Lee Warren., Jr., Henry van den Berg, and Kristen L. Gullo*

| **OF COUNSEL:** | **BALLARD SPAHR LLP** |
|---|---|
| Adam K. Levin | */s/ Beth Moskow-Schnoll* |
| Benjamin Holt | Beth Moskow-Schnoll (# 2900) |
| Ilana Kattan | Tyler B. Burns (# 6978) |
| Kaitlyn Golden | 919 N. Market Street, 11th Floor |
| Hogan Lovells US LLP | Wilmington, DE 19801 |
| 555 13th Street, NW | (302) 252-4465 |
| Washington, DC 20004 | moskowb@ballardspahr.com |
| (202) 637-6846 | burnst@ballardspahr.com |
| adam.levin@hoganlovells.com | |
| benjamin.holt@hoganlovells.com | *Counsel for Defendant Britannia* |
| ilana.kattan@hoganlovells.com | *Pharmaceuticals Ltd.* |
| kaitlyn.golden@hoganlovells.com | |