**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAGE CHEMICAL, INC. AND TRUPHARMA, LLC, <br><br>      *Plaintiffs*,<br><br>    v.<br><br>SUPERNUS PHARMACEUTICALS, INC., *et al*.,<br><br>      *Defendants*. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 22-1302-CJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of, _____ 2023, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on _____, 202____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. [**Plaintiffs' Position: At the same time, the parties shall exchange organizational charts that are kept in the ordinary course of business covering individuals listed in their initial disclosures for the last five years. If no organizational charts are kept in the ordinary course of business, the parties shall include information in their initial disclosures reflecting any changes in their role, employer, and to whom they report for the last five years.**] If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of

1

Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference. [**Plaintiffs' Position: Counsel should confer and attempt to reach an agreement on a proposed form of an ESI Protocol based on the Court's Default ESI Protocol referenced above and file it with the Court within twenty (20) days from the date of this Order, noting any disagreements for the Court's resolution in a joint letter not to exceed six (6) pages.**]

2.  **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed [**Plaintiffs' Position: no later than 60 days before the close of fact discovery**.] [**Defendants' Position: August 1, 2023**.]

3.  **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 6(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.     **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.     **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6.     **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before [**Plaintiffs' Position: November 15, 2023**] [**Defendants' Position: March 15, 2024.**]

b. <u>Document Production</u>. [**Plaintiffs' Position: Document productions shall be made on a regular, rolling basis and shall be substantially complete by September 1, 2023. Defendants will substantially complete the production of documents requested in Plaintiffs' First Set of Requests for Production served December 9, 2022 and Plaintiffs' Second Set of Requests for Production of Documents served January 31, 2023 by April 19, 2023. The parties shall agree upon custodians, or approach the Court with any disagreement within twenty (20) days of service of additional Requests for Production. Each party will make a substantial production of documents, subject to any objections, for the agreed custodians no later than sixty (60) days following the deadline for agreement on custodians or the Court's resolution of any disagreement on custodians. Nothing in this Order is intended to waive or alter the parties' rights to request additional custodians as necessary should a dispute arise as to whether the proper custodians were selected by the Parties. To the extent that the completion of document productions is not practicable sixty (60) days before the close of fact discovery based on the date of service of subsequent Requests for Production, the parties shall meet and confer in good faith on a reasonable production schedule and any adjustments that may be needed to expert discovery and deposition deadlines to account for the production of additional documents. The parties shall confer and agree on the form of privilege logs within sixty (60) days from the date of this Order**.] [**Defendants' Position: Document production shall be substantially complete by December 1, 2023**.]

  c. <u>Requests for Admission</u>. [**Plaintiffs' Position: Unless otherwise stipulated or ordered by the Court, a maximum of 30 requests for admission are permitted against each party pursuant to Federal Rule of Civil Procedure 36(a)(1)(A), except that no limit is imposed on requests for admission made pursuant to Rule 36(a)(1)(B) relating to the genuineness of any described documents.**] [**Defendants' Position: A maximum of 25 requests for admission are permitted for each side.**]

  d. <u>Interrogatories</u>.

   i. [**Plaintiffs' Position: Unless otherwise stipulated or ordered by the Court, a maximum of 30 interrogatories, including contention interrogatories, are permitted against each party.**] [**Defendants' Position: A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.**]

   ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e. <u>Depositions</u>.

   i. <u>Limitation on Hours for Deposition Discovery</u>. [**Plaintiffs' Position: Counsel should confer and attempt to reach an agreement on a proposed Deposition Protocol setting limits on the number and/or hours of depositions for fact witnesses and file it with the Court within sixty (60) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 6(g) below and submit any disagreements for the Court's resolution in a joint**

5

**letter not to exceed six (6) pages**.] [**Defendants' Position: Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination**.]

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule, including holding depositions by video conference, may be made by agreement of the parties or order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before, [**Plaintiffs' Position: December 20, 2023**.] [**Defendants' Position: April 11, 2024**]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before [**Plaintiffs' Position**: **January 24, 2024**.] [**Defendants' Position: May 31, 2024**]. No other expert reports will be permitted without either the consent of the relevant parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of the parties' experts shall be completed by [**Plaintiffs' Position: March 12, 2024**.] [**Defendants' Position: June 28, 2024**.]

    ii. <u>Expert Report Supplementation</u>. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts—including **verbal** communication among Delaware and Counsel for the relevant parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form. [**Plaintiffs' Position: To the extent Defendants intend to take the same position, Defendants may designate one or more Delaware Counsel and one or more party Counsel to participate in the meet and confer on behalf of some or all Defendants without necessitating that representatives from all Defendants' local Counsel or party Counsel participate in the meet and confer. Absent good cause or agreement between the moving and opposing party, counsel must make themselves available for a meet and confer within five (5) business days from the request to meet and confer**.]

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

7

>The following attorneys, including at least one Delaware Counsel and at least one Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
>Delaware Counsel:_____
>
>Party Counsel: _____
>
>The disputes requiring judicial attention are listed below:
>
>[provide here a non-argumentative list of disputes requiring judicial attention]

    iii.    The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

    iv.    The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

     v.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

     vi.     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel:_____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

     vii.     The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

     viii.     The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the

protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

      ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

7. **Motions to Amend**.

    a.    Any motion to amend a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

8. **Motions to Strike.**

    a.    Any motion to strike any pleading or other document or testimony shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

9.      **Motions to Stay**.

      a.      Any motion to stay shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

10.      **Interim Status Report**. On [**Plaintiffs' Position: September 1, 2023**] [**Defendants' Position: December 1, 2023**], counsel shall file a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date [**Plaintiffs' Position:, whether any of the parties intend to file dispositive motions and if so what page limits are proposed, and whether any adjustments to the schedule are appropriate at that time**]. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11.      **Case Dispositive Motions.**

    a. Subject to any adjustments requested in the Interim Status Report, all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [**Plaintiffs' Position: May 6, 2024**.] [**Defendants' Position: July 19, 2024**.] All answering briefs in opposition to dispositive motions are due [**Plaintiffs' Position: July 1, 2024**.] [**Defendants' Position: September 13, 2024**.] Reply briefs in support of dispositive motions are due [**Plaintiffs' Position: July 31, 2024**.] [**Defendants' Position: October 15, 2024.**]

    b. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

    c. <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the

basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

      d.    The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, on a paragraph-by-paragraph basis.

12.    **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.    **Pretrial Conference**. On [**Plaintiffs' Position: November 18, 2024**] [**Defendants' Position: March 5, 2025**], the Court will hold a pretrial conference in court with counsel beginning at 9:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Non-Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website, on or before [**Plaintiffs' Position: October 28, 2024**] [**Defendants' Position: February 23, 2025**]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

14. **Motions in Limine**. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. The parties shall meet and confer regarding the appropriate number of *in limine* requests no fewer than 30 days before filing a joint final proposed pretrial order. Should any party believe that more than three *in limine* requests per side are desirable, the parties shall file a joint letter of no more than four pages setting forth their positions no later than 15 days before the filing of the joint final proposed pretrial order. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the Court's staff.

16. **Trial**. This matter is scheduled for a jury trial beginning at 9:30 a.m. on [**Plaintiffs' Position: December 2, 2024**] [**Defendants' Position: March 26, 2025**], with the subsequent trial

days beginning at 9:00 a.m. At this stage of the case, the parties cannot provide an exact estimate of how long a jury trial would last. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

  17. **Relevant Deadlines and Dates**. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

                _____
                Christopher J. Burke
                UNITED STATES MAGISTRATE JUDGE

## Exhibit A

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Initial Disclosures | 5 days from entry of scheduling order | 5 days from entry of scheduling order |
| Protective Order Filed | 10 days from entry of scheduling order | 10 days from entry of scheduling order |
| ESI Protocol Filed | 20 days from entry of scheduling order | |
| Parties Agree on Form of Privilege Logs | 60 days from entry of scheduling order | |
| Deposition Protocol Filed | 60 days from entry of scheduling order | |
| Production of Documents from December 9, 2022 First Set of Document Requests and January 31, 2023 Second Set of Document Requests | April 19, 2023 | |
| Motions to Join Parties or to Amend or Supplement Pleadings | 60 days before the close of fact discovery [September 15, 2023] | August 1, 2023 |
| Substantial Completion of Document Productions | September 1, 2023 | December 1, 2023 |
| Interim Status Report | September 1, 2023 | December 1, 2023 |
| Fact Discovery Concludes | November 15, 2023 | March 15, 2024 |
| Opening Expert Reports | December 20, 2023 | April 11, 2024 |
| Rebuttal Expert Reports | January 24, 2024 | May 31, 2024 |
| Expert Depositions Conclude | March 12, 2024 | June 28, 2024 |
| Objections to Expert Testimony | Dispositive motions deadline [May 6, 2024] | Dispositive motions deadline [July 19, 2024] |
| All Case Dispositive Motions and Opening Briefs | May 6, 2024 | July 19, 2024 |
| Answering Briefs in Opposition to Dispositive Motions | July 1, 2024 | September 13, 2024 |
| Reply Briefs in Support of Dispositive Motions | July 31, 2024 | October 15, 2024 |
| Joint Pretrial Order | October 28, 2024 | February 23, 2025 |
| Proposed Voir Dire, Preliminary Jury Instructions, Final Jury Instructions, and Special Verdict Forms | November 13, 2024 | Feb 29, 2025 |
| Pretrial Conference | November 18, 2024 | March 5, 2025 |
| Trial | December 2, 2024 | March 26, 2025 |