# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAGE CHEMICAL, INC. AND TRUPHARMA, LLC,<br><br>        *Plaintiffs*,<br><br>v.<br><br>SUPERNUS PHARMACEUTICALS, INC., *et al.*,<br><br>        *Defendants*. | )<br>)<br>)  C.A. No. 22-1302-CJB<br>)<br>)<br>)<br>)  **PUBLIC VERSION OF D.I. 200**<br>)  **FILED ON DECEMBER 4, 2023**<br>)<br>)<br>)<br>) |

## PLAINTIFFS' LETTER BRIEF REGARDING DEFENDANTS' REQUEST FOR AN EXTENSTION TO THE SUBSTANTIAL COMPLETION OF DOCUMENTS DEADLINE

**OF COUNSEL:**

W. Gordon Dobie (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
Email: WDobie@winston.com

Susannah P. Torpey (*pro hac vice*)
Aliana C. Knoepfler (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
Email: STorpey@winston.com
Email: AKnoepfler@winston.com

Robert A. Julian
**BAKER & HOSTETLER LLP**
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: (415) 659-2600
Email: rjulian@bakerlaw.com

**LANDIS RATH & COBB LLP**
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
rath@lrclaw.com
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Plaintiffs Sage Chemical, Inc. and TruPharma, LLC.*

Dear Judge Burke:

    Plaintiffs respectfully request that the Court deny Defendants' request to extend the deadline for the substantial completion of document discovery because Defendants have not made the "showing of diligent efforts made at discovery" they concede is required to satisfy the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4). D.I. 192 at 1. To the contrary, Defendants have repeatedly and willfully delayed discovery. *E.g.*, Ex. 1. As in *Walker v. Centocor Ortho Biotech, Inc.*, the "record does not show why [Defendants] should [ ] be[ ] excused from being more diligent" in complying with the substantial completion deadline such that a finding that Defendants "did not provide good cause to extend the discovery deadline" is "well-founded." 558 Fed. App'x 216, 221–22 (3d Cir. 2014).

    Defendants were aware of the complexity of the case, scope of third-party discovery, and data privacy issues when they requested the schedule adopted by the Court such that there is no good cause for an extension. *Id.* (denying extension when movant "was aware" of issues earlier). As Defendants represented to the Court in March, the longer schedule Defendants proposed already "reflects the size and complexity of the case," (D.I. 95 at II; *cf. id.* n.1); the expectation that "[t]here definitely will be substantial third-party discovery," (Ex. 2 at 39:8–10); and the fact that Britannia has "obligations that are different" because "they are a European entity," (*id.* at 28:10–14). *Cf. Pers. Audio, LLC v. Google LLC*, No. CV 17-1751-CFC, 2023 WL 3582681, at *3 (D. Del. May 22, 2023) (rejecting extension; lacked diligence and represented schedule worked).[1]

    While Britannia points vaguely to "unique privacy challenges," Britannia was required by the Court-ordered ESI protocol to "raise such issues promptly" and "address such issues as they arise … *within the schedule already ordered by the Court.*" D.I. 188 at II.A (emphasis added). Rather than identifying any issues, when Plaintiffs raised the need to renew their request for interim deadlines on the basis that Britannia had only produced six documents in the six months following the Court's March 7 denial of the motion to stay discovery and refused to answer interrogatories on the basis discovery was purportedly still in an "early stage," Ex. 4 at 9–10, Britannia reassured Plaintiffs on October 2nd that it was about start making regular, rolling productions and saw "no reason" why Britannia could not meet the December 1 deadline for the substantial completion of document discovery. Ex. 7. Now, with just two weeks until December 1, Britannia has only just begun making productions and has made only two more productions over the entire eight months since the discovery stay was denied for a total of 227 documents.

    The USWM Defendants similarly produced only one document in the first six months following the Court's denial of the motion to stay discovery and required Plaintiffs to repeatedly follow up with USWM to correct deficiencies in its production of even that one document. Exs. 8–9. Even to date, USWM has refused to produce agreements related to Apokyn in its clients' possession beyond the Sale and Purchase Agreement that are responsive to RFP 1 served December 9, 2022, and has refused to search for or produce hard copy documents in its clients' possession until after it finishes producing email, which Plaintiffs fear may lead to depositions being rescheduled. Ex. 10 at 2. When Plaintiffs raised these and other concerns, USWM reassured Plaintiffs on September 22 that they were "taking the steps necessary to begin a rolling production

---

[1] Defendants' suggestion Plaintiffs failed to disclose individuals is inconsistent with Plaintiffs' interrogatory responses, which Plaintiffs timely answered on June 8, 2023 and identified at least 10 third parties on whom Defendants served subpoenas. Ex. 3. In contrast, Defendants have refused to provide complete (or any) answers to many interrogatories. *See, e.g.*, Exs. 4–6.

of those electronic documents." Ex. 11 at 1.  USWM, however, made only two real productions since that date leading up to the hearing on the motion to dismiss and has produced only three pages since the hearing.  Supernus similarly made a production right before the hearing on the motion to dismiss, but then did not make another production for an entire month.

Further, in a complete disregard for the schedule that has delayed Plaintiffs' ability to timely raise disputes with the Court, Defendants have repeatedly refused to meet and confer on various issues or ignored Plaintiffs' repeated requests to do so and have refused to provide their final positions on RFPs, date ranges, and custodians over the course of months of delays.  *See* Exs. 15 and 12 (Supernus refusing to discuss custodians in June and failing to provide availability in November); Exs. 13 and 14 (Britannia refusing to discuss custodians in June and failing to provide final positions on custodians and RFPs in November); Ex. 22 (USWM failing to respond for requests to meet and confer on RFPs for over six weeks and arguing a dispute on date ranges almost seven months into discovery was "premature").  By doing so, all Defendants have refused to honor their agreement submitted to the Court on May 1, 2023, so ordered in the ESI Protocol, to "seek to reach agreement on custodians, the identification of relevant subject matter, time periods for discovery, and other parameters to … guide discovery issues pertaining to discovery requests ***within two weeks following service of Document requests***." D.I. 117-1; D.I. 188 at II.B (emphasis added).  These delays added on to prior discovery delays caused by similar refusals to meet and confer or move discovery forward, including Defendants' refusal to hold a 26(f) conference even in violation of the Court's January 17, 2023 order to do so, *see* D.I. 62, and Defendants' almost four-month delay responding to Plaintiffs' draft protective order.  Ex. 1.

Defendants suggest delays have been caused "by initial proposals from Plaintiffs" for the technology assisted review ("TAR") protocol and search terms, but neglect to inform the Court that it was *Supernus* that requested this complex protocol combining technology assisted review with search terms and that Plaintiffs had proposed a TAR protocol without search terms.  Despite being in the form requested by Supernus, Defendants then delayed negotiations after Plaintiffs prepared the TAR protocol at Defendants' request by failing to respond for a month to the initial draft and then by taking over another month to agree to a final draft. Britannia and USWM have further delayed productions by failing to provide search term counterproposals for many weeks. *See* Ex. 22 at 19; *see also* Exs. 16–17. Plaintiffs, in contrast, made their first ESI production just eight days from the date Defendants provided the exemplar training documents Plaintiffs needed to begin review under the TAR protocol despite Defendants' delay in providing their training documents.  Ex. 18 at 1.  Although Plaintiffs provided training documents to Defendants on September 12, 2023, Supernus did not make its first ESI production under the TAR protocol until October 2 and Britannia did not do so until November 3. Defendants thus have failed to establish good cause because they cannot "show that a more diligent pursuit of discovery was impossible." *Dow Chem. Can., Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012).  Instead of delaying, Defendants should expand their review teams to substantially complete productions on time.

Defendants' delay in producing documents has already prejudiced Plaintiffs' ability to prepare for depositions that would have otherwise been scheduled in December.  To the extent the Court decides to extend any deadline, it should be the deadline for fact discovery to enable Plaintiffs to review Defendants' untimely productions and to identify third parties requiring subpoenas and productions before depositions.  Preserving the trial schedule, however, is critical to avoid further harm to Plaintiffs and the public. *Id.* at 270; D.I. 79 ("[E]ach day that this case is stalled is a day that [Plaintiffs] lose out on the potential to obtain customers and market share ….").

Dated: November 15, 2023

<u>**OF COUNSEL**</u>**:**

W. Gordon Dobie (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
Email: WDobie@winston.com

Susannah P. Torpey (*pro hac vice*)
Aliana C. Knoepfler (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
Email: STorpey@winston.com
Email: AKnoepfler@winston.com

Robert A. Julian
**BAKER & HOSTETLER LLP**
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: (415) 659-2600
Email: rjulian@bakerlaw.com

**LANDIS RATH & COBB LLP**

<u>*/s/ Rebecca L. Butcher*</u>
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
rath@lrclaw.com
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Plaintiffs Sage Chemical, Inc. and TruPharma, LLC.*

3