IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAGE CHEMICAL, INC. AND TRUPHARMA, LLC, | ) ) ) | C.A. No. 22-1302-CJB |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| SUPERNUS PHARMACEUTICALS, INC., *et al.*, | ) ) ) | Public Version Filed January 15, 2025 |
| *Defendants*. | ) ) | |

**PLAINTIFFS' OPENING LETTER BRIEF REGARDING USWM, LLC'S
PRODUCTION OF DOCUMENTS FROM PRIOR LITIGATIONS**

OF COUNSEL:

W. Gordon Dobie
WINSTON & STRAWN LLP
35 W Wacker Drive
Chicago, IL 60601

Susannah P. Torpey
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dear Judge Burke:

Plaintiffs respectfully request that the Court order USWM, LLC to produce documents responsive to the part of RFP No. 64 that requests "transcripts, sworn statements, and/or Documents produced … that Concern the allegations made in *U.S. ex rel. Bennett v. US WorldMeds, LLC*, No. 3:13-cv-363 (SRU) and *U.S. ex rel. Chinnapongse v. US WorldMeds, LLC*, No. 3:16-cv-804 (SRU)." Ex. 1. In these cases, whistleblowers brought False Claims Act actions against Defendant MDD US Operations, LLC (f/k/a US WorldMeds, LLC)[1] concerning "misconduct [that] involved collusion and conspiracy," monopolistic Apokyn price increases, and Circle of Care patient support services relied on by defense witnesses in this case to argue that Plaintiffs' generic could not succeed without such services. *See* Exs. 2-6. These actions resulted in a $17.5 million settlement in 2019 with the Department of Justice. Ex. 7. USWM has repeatedly refused to even ask its clients what responsive documents exist in violation of Rule 34(b)(2)(C) requiring an objection to state if materials are being withheld but, in any event, the minimum burden of producing transcripts and previously produced materials could not justify withholding any such statements and materials provided to the government given the overlapping factual issues.

## I.    The Requested Materials Are Relevant to the Claims, Defenses, and Impeachment

First, the whistleblower litigations concerned factual issues that are directly relevant to Plaintiffs' monopolization and conspiracy claims. For example, a whistleblower alleged that US WorldMeds engaged in "collusion and conspiracy" in order to raise the price of Apokyn by "700%" and "over seven times the original cost" for "no legitimate economic reason" based on "a desire to extract additional profits from the sale of each dose of APOKYN." Ex. 2 ¶¶ 36, 239-40, 262; *see also id*. ¶ 254 ("Lee Warren said every six months a patient was 'on drug' was worth $70,000 to US WorldMeds."). The whistleblower described the scheme as needed "to protect from scrutiny … the exorbitant APOKYN prices [US WorldMeds] put in place" out of "fear that the inflated price of APOKYN would be scrutinized if medical professionals or patients knew the true cost of the medication." *Id*. ¶ 262. The same facts are highly relevant to Plaintiffs' claims to show monopoly power, monopoly profits, supracompetitive pricing, and harm to competition, as expressly alleged in the Complaint. *See* D.I. 579 ¶ 213 ( ▮▮▮

▮▮▮ "), § V.A, § V.C; *see also* Ex. 8. Discovery has confirmed that this same price increase is also relevant to the alleged conspiracy with Britannia, which ▮▮▮

Ex. 9 at BPL_0108440. The whistleblower litigations also focused on the same product at issue in this litigation—Apokyn. Courts routinely order the production of materials from prior litigations dealing with the same product given the relevance and low burden associated with producing such materials. *See U.S. ex rel. Bergman v. Abbott Lab'ys*, 2016 U.S. Dist. LEXIS 106065, at *16-19 (E.D. Pa. Aug. 11, 2016) (finding "sufficient similarity in subject matter" between a qui tam case and an antitrust case about "generic competition" and ordering production of deposition transcripts from prior litigation for individuals involved in both cases or who have high-level roles); *see also Costa v. Wright Med. Tech., Inc*., 2019 WL 108884, at *2 (D. Mass. Jan. 4, 2019).

---

[1] Counsel for MDD US Operations, LLC and Supernus Pharmaceuticals, Inc. has informed Plaintiffs that any responsive materials remain in the possession of USWM, LLC.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Second, the requested materials are also relevant to Defendants' defenses relating to causation and tying. Defense witnesses claim that ███████████████████████████████ ████████████████████████████████████████████████████. *See, e.g.*, Ex. 4 (Wood Dep. Tr.) at 185:9-15 ████. ████████████████████████████████ ████████████████████; Ex. 5 (Khattar Dep. Tr.) at 89:7-10 (█ ██); Ex. 6 (Nix Dep. Tr.) at 293:15-23 (███████████████████████████████████ ████████████). However, documents from the whistleblower cases will show that Defendants' Circle of Care was part of a kickback scheme in which nurses administered Apokyn "for medical practitioners, who were encouraged to continue to bill for such services, even though the services were being provided by nurses paid by US WorldMeds." Ex. 2 ¶¶ 34, 276. Far from being "████" as Supernus's CEO has claimed, the whistleblowers alleged that Circle of Care services "put patient safety and health at risk" by "encouraging medical doctors to minimize contact with APOKYN patients," which is "contrary to appropriate medical practice and represent[s] a departure from the care permitted and expected from a medical professional." *Id.* ¶¶ 37-38. The requested materials are thus needed to rebut Defendants' defenses. *See Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 662 F. Supp. 2d 375, 383 (D. Del. 2009) (deposition transcripts from different litigation are relevant, such as for rebutting Defendants' defenses).

Third, Plaintiffs are entitled to use the requested materials to impeach key witnesses during trial with prior inconsistent statements relating, for example, to post-hoc justifications for pricing, profits, and Circle of Care services. *See Cont'l Cas. Co. v. J.M. Huber Corp.*, 2016 WL 3509317, at *1-3 (D.N.J. June 27, 2016) (granting motion to compel prior litigation documents and transcripts that "could show that [the party] ha[s] taken positions inconsistent in this litigation compared to prior litigation"). Notably, Lee Warren and Henry van den Berg (both repeatedly referenced in Plaintiffs' Complaint) are mentioned in the prior complaints 63 times. Exs. 2-3.

## II.    USWM Has Failed to Substantiate Any Burden

Despite multiple requests, USWM has repeatedly refused to comply with its obligation to disclose whether it is withholding any responsive documents and, if so, what documents, refusing to even ask if USWM possesses responsive materials. *See* Fed. R. Civ. P. 34(b)(2)(C); *Crozer-Chester Med. Ctr. v. Nat'l Lab. Rels. Bd.*, 976 F.3d 276, 292 (3d Cir. 2020); Ex. 10 at 8. USWM's refusal is particularly concerning where documents produced in this litigation show that such documents once existed. Ex. 11 ████████████████████████████████████ ████████████████████████████████; Ex. 12 (████████████████████████████████████ ████████████████████████). At best, USWM's conduct reflects a serious lack of diligence. *See Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 707 (D.N.J. 2015) (violation of Rules when discovery delayed by failure to reasonably investigate and meritless relevancy objection).

Given USWM's refusal even to investigate whether responsive documents exist, USWM has failed to substantiate *any* burden associated with the production of documents and any belated effort to do so should be deemed waived. *See Cont'l Cas.*, 2016 WL 3509317, at *2 (opposing party "must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery"). USWM should not be permitted to substantiate any burden at this late date after knowingly and repeatedly refusing to conduct even a cursory investigation, particularly following an additional request to do so after the Court's last Order to further meet and confer. In any event, any argument as to burden would ring hollow, as this Request merely seeks transcripts, sworn statements, or documents already produced to a government agency.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

OF COUNSEL:

W. Gordon Dobie
WINSTON & STRAWN LLP
35 W Wacker Drive
Chicago, IL 60601
(312) 558-5600
WDobie@winston.com

Susannah P. Torpey
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
STorpey@winston.com

Dated: January 8, 2025

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

## <u>CERTIFICATE OF SERVICE</u>

I, Dominick T. Gattuso, certify that, on January 8, 2025, I served a copy of the foregoing [Sealed] Plaintiffs' Opening Letter Brief Regarding USWM, LLC's Production of Documents from Prior Litigations (with [Sealed] Exhibits 4-12) upon counsel of record via e-mail.

Dated: January 8, 2025

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)

# Exhibit 4

Robert Kenneth Wood Volume I
August 27, 2024

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - -X

SAGE CHEMICAL, INC., et al.,    :

            Plaintiffs,    : C.A. No.:

vs.    : 22-1302-CJB

SUPERNUS PHARMACEUTICALS,    :

INC., et al.,    :

            Defendants.    :

- - - - - - - - - - - - - - - -X


Volume I


Remote Videotaped Deposition of ROBERT KENNETH WOOD

Tuesday, August 27, 2024

12:09 p.m. (BST)


Job No. 6662740

Pages:  1 - 331

Reported by:  Dana C. Ryan, RPR, CRR

Robert Kenneth Wood Volume I
August 27, 2024

# Exhibit 5

Jack Khattar - Highly Confidential
October 10, 2024

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


- - - - - - - - - - - - - - - -X

SAGE CHEMICAL, INC., et al.,    :

          Plaintiffs,     : C.A. No.:

vs.                    : 22-1302-CJB

SUPERNUS PHARMACEUTICALS,    :

INC., et al.,              :

          Defendants.     :

- - - - - - - - - - - - - - - -X


HIGHLY CONFIDENTIAL


Remote Videotaped Deposition of JACK KHATTAR

Thursday, October 10, 2024

9:04 a.m. (EDT)


Job No. 6699271

Pages: 1 - 340

Reported by: Dana C. Ryan, RPR, GCCR

U.S. Legal Support | www.uslegalsupport.com

Jack Khattar - Highly Confidential
October 10, 2024



# Exhibit 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


- - - - - - - - - - - - - - - -X

SAGE CHEMICAL, INC., et al.,    :

          Plaintiffs,          : C.A. No.:

vs.                             : 22-1302-CJB

SUPERNUS PHARMACEUTICALS,        :

INC., et al.,                    :

          Defendants.          :

- - - - - - - - - - - - - - - -X




Remote Videotaped Deposition of THEODORE NIX

Wednesday, October 2, 2024

9:04 a.m. (EDT)




Job No. 6662712

Pages: 1 - 324

Reported by:  Dana C. Ryan, RPR, GCCR

Theodore Nix
October 02, 2024

# Exhibit 7

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438976



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438978



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY


HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
USWM_00438980

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438983



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438987



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438989



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438993



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438998



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00438999

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00439003

# Exhibit 8

| From: | Olsen, Matthew |
|---|---|
| To: | Swisher, Kate |
| Cc: | Stock, Eric J.; Obear, Josh; Shotlander, David S.; Schultz, Courtney L.; Stoviak, John F.; Rosenfeld, Jordan D.; Brockmeyer, Michael; Lipkin, Gary W.; Streifthau-Livizos, Michelle C.; DSilver@McCarter.com; ajoyce@mccarter.com; Dobie, W. Gordon; Torpey, Susannah; Duxstad, Lauren; Heller, Garrett C.; Dominick Gattuso; Knoepfler, Aliana C. |
| Subject: | RE: Sage et al. v. Supernus et al. - RFP No. 64 |
| Date: | Tuesday, October 22, 2024 1:03:36 PM |
| Attachments: | image005.png |

Kate,

Your email does not accurately reflect our discussion or the relevancy of the materials sought through RFP 64. Several points warrant clarification.

First, and as stated multiple times during in response to Eric's comments, documents responsive to RFP 64 are not relevant as prior bad acts that evidence future bad intent. As we discussed, the whistleblower complaints allege that US WorldMeds' conduct—namely, paying kickbacks to doctors and using a nonprofit entity to subsidize patient co-pays—was intended to facilitate the artificial inflation of the price of Apokyn. As alleged in the *Bennett* whistleblower complaint, "US WorldMeds conspired to ensure co-pay assistance to every APOKYN user, in order to make them indifferent to the price increase and to maximize their use of APOKYN, ultimately increasing the costs to insurers, including Government Health Care Programs." (¶ 242) and US WorldMeds "conspir[ed] to target medical providers who could provide lucrative business for US WorldMeds through the purchase of [] APOKYN." (¶ 36). Those supercompetitive prices resulting from US WorldMeds' conspiratorial conduct persist through today and are consequently relevant to Plaintiffs' monopolization claim and monopoly power specifically.  This was also explained to Eric more than a year ago when the parties previously met and conferred about this RFP.

Second, documents responsive to RFP 64 are highly relevant to Defendants' defenses, as Defendants claim that Plaintiffs' poor market performance was a function of not providing an equivalent to the "Circle of Care."  But as alleged in the whistleblower complaint, these nursing services were provided not for a patient's benefit, but as a component of US WorldMeds' kickback scheme given that the nurses "increase[d] the service's value to doctors, who could then seek reimbursement for the initiation procedure without having even administered the drug." (¶ 276). Plaintiffs are wholly entitled to challenge the veracity of this defense and argument as to causation, and materials from the whistleblower cases concerning the Circle of Care are directly relevant both to the scope and legitimacy of the nursing services US WorldMeds and Supernus have provided, as well as the question of whether Plaintiffs' poor market performance resulted from a lack of such services.

Third, in its Citizens Petitions, US WorldMeds argued that Sage's lack of nursing services counseled against generic approval. But as discussed above, there is a serious question as to the legitimacy of the nursing services provided and the extent to which US WorldMeds (now part of Supernus) engaged in inequitable conduct during the FDA approval process. The

materials sought by RFP 64 are directly probative of this point.

Fourth, we expect there to be witness testimony in both whistleblower cases concerning how US WorldMeds marketed Apokyn during the period that Plaintiffs sought FDA approval of their generic.

Finally, at a higher level, any such transcripts or sworn statements relate to Apokyn, the product at issue in this litigation. While to date you have refused to tell us what transcripts and sworn statements exist despite your obligation to disclose what you are withholding, we can only assume that they further entail sworn testimony by individuals likely to be key witnesses in this litigation.

Please let us know 1) what transcripts and sworn statements exist responsive to RFP 64; and 2) your final position on whether you will produce documents responsive to RFP 64 by Thursday, October 24, so that we may promptly raise the issue with the court if the parties are at impasse. We cannot let this issue be further delayed by your refusal to cooperate and efforts to avoid disclosing what you are withholding. Plaintiffs reserve all rights, including to seek costs for any motion practice given your violation of the Rules.

Best,
Matt

**Matthew Olsen**
**Associate Attorney**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
D: +1 212-294-9171
M: +1 781-572-9356
F: +1 212-294-4700
VCard | Email | winston.com

WINSTON
&STRAWN
LLP

**From:** Swisher, Kate <KSwisher@gibsondunn.com>
**Sent:** Wednesday, October 16, 2024 4:57 PM
**To:** Olsen, Matthew <MOlsen@winston.com>
**Cc:** Stock, Eric J. <EStock@gibsondunn.com>; Obear, Josh <JObear@gibsondunn.com>; Shotlander, David S. <DShotlander@haugpartners.com>; Schultz, Courtney L. <Courtney.Schultz@saul.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; DSilver@McCarter.com; ajoyce@mccarter.com; Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Heller, Garrett C.

<GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>; Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Subject:** RE: Sage et al. v. Supernus et al. - RFP No. 64


Hi, Matt.

Thank you for the meet and confer on Friday, and for providing your view on the relevance of materials relating to the *Bennett* and *Chinnapongse* litigations (the "qui tam litigations")— particularly because it has been nearly a year since Plaintiffs have raised any concerns about this specific request.

We understand from our discussion that Plaintiffs are not arguing that the allegations in the qui tam litigations involved conduct by US WorldMeds LLC that resulted in any purported injury to Plaintiffs. Rather, you stated that the qui tam litigations are relevant because they will purportedly show that US WorldMeds engaged in allegedly unlawful conduct (e.g., reimbursement of patient co-pays) in order to boost Apokyn sales, which in Plaintiffs' view is "evidence of a pattern" of conduct by US WorldMeds LLC to boost sales through unlawful conduct. You further referenced the Circle of Care program, but we did not understand your point there; the qui tam litigations involved alleged payments to patients and doctors—not clinical educators.

Ultimately, we asked you whether your claim of relevance was fundamentally based on a theory of prior bad acts being evidence of future bad intent, and you indicated that it was. If this is incorrect in any way, we would appreciate it if you would please clarify, and provide supporting caselaw, for your position on relevance.

We are trying to reconcile Plaintiffs' position with Fed. R. Evid. 404, which prohibits use of character evidence as well as evidence of prior "bad" acts to show conforming intent / conduct on a particular occasion. *See, e.g.*, *Travelodge Hotels v. Honeysuckle Enters.*, 244 Fed. App'x 522, 528 (3d Cir. 2007) (in breach of contract case, affirming exclusion pursuant to Fed. R. Evid. 404(b) of evidence of plaintiff's prior misconduct offered to support defendant's fraud counterclaim).

Would you please explain why Plaintiffs' arguments for relevance do not run directly contrary to this Rule?

Thank you.


Best,
Kate


**Kate Swisher**
Associate Attorney

T: +1 212.351.3980
KSwisher@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Olsen, Matthew <MOlsen@winston.com>
**Sent:** Monday, October 14, 2024 9:04 PM
**To:** Stock, Eric J. <EStock@gibsondunn.com>
**Cc:** Obear, Josh <JObear@gibsondunn.com>; Shotlander, David S. <DShotlander@haugpartners.com>; Schultz, Courtney L. <Courtney.Schultz@saul.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; DSilver@McCarter.com; ajoyce@mccarter.com; Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>; Swisher, Kate <KSwisher@gibsondunn.com>; Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Subject:** RE: Sage et al. v. Supernus et al. - RFP No. 64

Eric,

Following up on Friday's meet and confer, please let us know of USWM's final position concerning its willingness to search for and produce documents responsive to RFP 64 by Wednesday, October 16. We were disappointed that USWM was not prepared to substantively discuss its position on our call or even disclose, once again, whether responsive transcripts or sworn statements exist despite numerous requests for this information now stretching back for more than a year. If we do not receive a response by the close of business Wednesday, we will assume the parties have reached impasse and proceed accordingly.

Best,
Matt

**Matthew Olsen**

**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-9171

M: +1 781-572-9356

F: +1 212-294-4700

VCard | Email | winston.com

WINSTON
&STRAWN
LLP

---

**From:** Swisher, Kate <KSwisher@gibsondunn.com>
**Sent:** Thursday, October 10, 2024 2:38 PM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>

Cc: Stock, Eric J. <EStock@gibsondunn.com>; Obear, Josh <JObear@gibsondunn.com>; Shotlander, David S. <DShotlander@haugpartners.com>; Schultz, Courtney L. <Courtney.Schultz@saul.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; DSilver@McCarter.com; ajoyce@mccarter.com; Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>

**Subject:** RE: Sage et al. v. Supernus et al. - RFP No. 64

Hi, Aliana.

USWM is available to meet and confer tomorrow from 2-3:30 pm.  Thanks.

Best,
Kate

**Kate Swisher**
Associate Attorney

T: +1 212.351.3980
KSwisher@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Tuesday, October 8, 2024 7:00 PM
**To:** Shotlander, David S. <DShotlander@haugpartners.com>; Schultz, Courtney L. <Courtney.Schultz@saul.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; Stock, Eric J. <EStock@gibsondunn.com>; Obear, Josh <JObear@gibsondunn.com>; Swisher, Kate <KSwisher@gibsondunn.com>; DSilver@McCarter.com; ajoyce@mccarter.com
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>
**Subject:** RE: Sage et al. v. Supernus et al. - RFP No. 64

David and Eric,

As previously requested, please let us know your availability for a meet and confer this week. Given the upcoming fact discovery deadline, we plan to raise any dispute with the Court later this week and if needed we will note that Supernus and USWM failed to provide times to meet and confer despite our repeated requests.

Best,
Aliana

**Aliana C. Knoepfler**
Associate Attorney

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com



---

**From:** Shotlander, David S. <DShotlander@haugpartners.com>
**Sent:** Tuesday, October 8, 2024 12:46 PM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>; Schultz, Courtney L. <Courtney.Schultz@saul.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; Stock, Eric J. <EStock@gibsondunn.com>; JObear@gibsondunn.com; Swisher, Kate <KSwisher@gibsondunn.com>; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>
**Subject:** RE: Sage et al. v. Supernus et al. - RFP No. 64

Aliana,

I respond on behalf of the Supernus Defendants. The Supernus Defendants stand on their objections to RFP 64, which is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of relevant and admissible evidence. That notwithstanding, the Supernus Defendants have not withheld from their productions documents responsive to RFP 64.

Best,
David

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Friday, October 4, 2024 3:12 PM
**To:** Schultz, Courtney L. <Courtney.Schultz@saul.com>; Shotlander, David S. <DShotlander@haugpartners.com>; Stoviak, John F. <John.Stoviak@saul.com>; Rosenfeld, Jordan D. <Jordan.Rosenfeld@saul.com>; Brockmeyer, Michael <MBrockmeyer@haugpartners.com>; Lipkin, Gary W. <gary.lipkin@saul.com>; Streifthau-Livizos, Michelle C. <michelle.streifthau-livizos@saul.com>; Stock, Eric J. <EStock@gibsondunn.com>; JObear@gibsondunn.com; Swisher, Kate <KSwisher@gibsondunn.com>; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Torpey, Susannah <STorpey@winston.com>; Duxstad, Lauren <LDuxstad@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dominick Gattuso <dgattuso@hegh.law>
**Subject:** Sage et al. v. Supernus et al. - RFP No. 64

**This Message originated outside your organization.**

Counsel,

I am writing regarding Plaintiffs' Request for Production No. 64, which seeks transcripts, sworn statements, and documents produced by Defendant(s) to any domestic or international governmental agency or office concerning certain claims, such as any documents concerning the allegations made in the *Bennett* and *Chinnapongse* cases. To date, USWM has refused to conduct a search for these materials or to even indicate whether any responsive documents exist or are in USWM's possession. Despite Supernus's agreement to a search term on this RFP and Supernus's continuation of the responsibilities relating to the settlement of the above cases, Supernus has not produced any such transcripts, sworn statements, or other related documents.

As previously requested, please let us know whether Supernus and USWM are withholding any responsive documents to this Request, or whether no such transcripts or documents exist. Given USWM's prior refusal to say if these materials even exist, we can only assume that they do. To the extent that you refuse to provide this information, please provide your availability to meet and confer early next week. We are available on Monday from 2:00-3:45 or Tuesday from 12:30-2:30. Given the upcoming fact discovery deadline, we expect to bring this issue before to the Court next week if needed.

Best,
Aliana

**Aliana C. Knoepfler**
Associate Attorney
Winston & Strawn LLP
200 Park Avenue

New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

This email originates from Haug Partners LLP. It is intended only for the addressee(s) named herein, and may contain confidential and/or legally privileged information. The dissemination, distribution, or copying of this email by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you received this message in error, please promptly notify us at firm@haugpartners.com or (212) 588-0800.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit 9



Highly Confidential - AEO

Highly Confidential - AEO

Highly Confidential - AEO

BPL_0108440

Highly Confidential - AEO

BPL_0108441



Highly Confidential - AEO

BPL_0108442



Highly Confidential - AEO

# Exhibit 10

| From: | Obear, Josh |
|---|---|
| To: | Knoepfler, Aliana C.; Stock, Eric J. |
| Cc: | Torpey, Susannah; ajoyce@mccarter.com; Shokralla, Beshoy; Kondic, Suzi; DSilver@McCarter.com; Dobie, W. Gordon; Olsen, Matthew; Heller, Garrett C.; Dan Rath; Rebecca Butcher; cree@lrclaw.com |
| Subject: | RE: Sage Chemical et al. v. Supernus et al. |
| Date: | Friday, November 17, 2023 11:52:32 AM |

Aliana,

For discussion during our call, please see below for responses to your request for our positions on the outstanding RFPs:

RFP 33:  As we have stated previously, we are willing to produce investor presentations in the files of agreed-upon custodians that are responsive to Plaintiffs' other requests.  We have investigated and have not identified a non-custodial or other centralized location for investor presentations.  We also understand that USWM does not record or create transcripts of investor presentations, but that if such documents do exist, they would be in the files of our existing custodians.

RFP 41(e):  As we have previously explained, we are willing to produce custodial documents responsive to RFP 41(g), which would cover any documents regarding whether "BD could have easily manufactured a larger quantity" of Apokyn Pens.  RFP 41(e), on the other hand, facially calls for any document that mentions any quantity of Apokyn Pens sold by BD, regardless of whether that document relates to BD's manufacturing capacity.  That request is disproportional, but we nonetheless remain willing to produce documents sufficient to show the quantity of Apokyn Pens sold by BD or distributed to third parties.

RFPs 45 and 46:  As we have previously stated, these RFPs are entirely speculative and not proportional for the pre-close time period, but we will nonetheless treat as responsive (and will not withhold) documents for these RFPs, as they would otherwise be responsive to RFP 21 relating to generic Apokyn.  We do not believe it would be proportional to add a search term for these requests, as we already have a search term for "generic w/30 (Apokyn or apomorphine)" that would presumably hit on any responsive documents.

RFPs 52 and 64:  As we have previously stated, we are not willing to conduct a search for these materials, as they are not relevant to this litigation.  We have investigated your stated concern about whether the false claims act investigation related to the Circle of Care program, and our understanding is that the Circle of Care was not a material part of that investigation.

RFP 73:  We will treat Infusion as responsive to Plaintiffs' RFPs relating to apomorphine, including this request, subject to our other objections.  As stated in our October 20 letter, An independent custodial search for all sales forecasts and sales projections for apomorphine products (including Apokyn and Infusion) is excessive and disproportional, particularly given that Plaintiffs did not enter the market until 2022. We nonetheless reiterate our offer to produce custodial documents in response to this Request for a shorter time period closer to the date of Plaintiffs' market entry—the period January 2018 through June 2020.

RFPs 8, 9(c), 10(c), 12-13, and 15-18:  As we have stated previously, we are not willing to conduct a search for these RFPs, which relate to hypothetical general jurisdiction issues that are not pled in the Amended Complaint.  We have no obligation to determine whether the Individual Defendants possess any documents potentially responsive to these Requests, and decline to do so.

We are continuing to investigate your questions regarding the roles of various individuals at USWM, and will provide updates of what we've learned during our call.

Thank you,
Josh


**Josh Obear**
Associate Attorney

T: +1 212.351.6233 | M: +1 929.303.6100
JObear@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Thursday, November 16, 2023 5:51 PM
**To:** Obear, Josh <JObear@gibsondunn.com>; Stock, Eric J. <EStock@gibsondunn.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.

 [WARNING: External Email]

Josh,

Given that you are only available for half an hour tomorrow, please provide USWM's positions on the RFPs in my November 9 email and the custodian questions in my last email in writing before our call to facilitate our discussion.

Best,
Aliana


**Aliana C. Knoepfler**
Associate Attorney

Winston & Strawn LLP
200 Park Avenue

New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com



**From:** Obear, Josh <JObear@gibsondunn.com>
**Sent:** Thursday, November 16, 2023 3:47 PM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>; Stock, Eric J. <EStock@gibsondunn.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.


Aliana, we are available from 12-12:30 tomorrow to continue our meet and confer.


Best,
Josh


**Josh Obear**
Associate Attorney

T: +1 212.351.6233 | M: +1 929.303.6100
JObear@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Thursday, November 16, 2023 11:05 AM
**To:** Stock, Eric J. <EStock@gibsondunn.com>; Obear, Josh <JObear@gibsondunn.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.


[WARNING: External Email]

Eric,

3

We are available tomorrow at 12 to discuss RFPs and custodians. Please confirm that this time works for you.

In advance of our discussion, please provide your written response today on the following questions we discussed: (1) The names of the individuals on the pricing committee; (2) The names of the individuals involved in the drafting of the citizen petitions, which is not limited to the individuals who signed them; (3) The names of the individuals who prepared Apokyn marketing plans; (4) The names of the individuals who negotiated distribution agreements with specialty pharmacies or received requests for Apokyn samples; (5) The names of individuals who communicated with Britannia on Apokyn pens; and (6) The relevant involvement of Michael Brown and Amy Yuda, who you said you'd follow up on.

Thank you,
Aliana

**Aliana C. Knoepfler**
**Associate Attorney**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
D: +1 212-294-6732
F: +1 212-294-4700
VCard | Email | winston.com



**From:** Stock, Eric J. <EStock@gibsondunn.com>
**Sent:** Tuesday, November 14, 2023 5:26 PM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>; Obear, Josh <JObear@gibsondunn.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.


Aliana, do you want to propose some times Thurs and Fri this week to discuss the RFPs?

**Eric J. Stock**
Partner

T: +1 212.351.2301 | M: +1 347.835.9039
EStock@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Tuesday, November 14, 2023 9:50 AM
**To:** Stock, Eric J. <EStock@gibsondunn.com>; Obear, Josh <JObear@gibsondunn.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.

[WARNING: External Email]

Eric,

Pursuant to the Protective Order, USWM was required to provide any proposed redactions to Plaintiffs' November 8 filing no later than yesterday. We did not receive any proposed redactions from you. Please provide any proposed redactions as soon as possible this morning or confirm that you have none. As you know, we are required to file a public redacted version of this filing by end of day tomorrow.

Separately, please also provide your final positions on the RFPs listed in my November 9 email or provide your availability this week for a final meet and confer.

Thank you,
Aliana

**Aliana C. Knoepfler**

**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com

WINSTON
&STRAWN
LLP

---

**From:** Obear, Josh <JObear@gibsondunn.com>
**Sent:** Monday, November 13, 2023 10:00 AM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Cc:** Stock, Eric J. <EStock@gibsondunn.com>; Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com; Dobie, W. Gordon <WDobie@winston.com>;

Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** Re: Sage Chemical et al. v. Supernus et al.


All,

We look forward to talking soon.  With apologies, we have some train delays and need to push the start of our call to 10:45.

Please also note that we produced two documents over the weekend that we can discuss during our call as examples of routine pricing and sales documents that the USWM Defendants consider non-responsive.

Thank you,
Josh

**Joshua Obear** *(he/him/his)*

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.6233 • Fax +1 212.817.9333
JObear@gibsondunn.com • www.gibsondunn.com


On Nov 10, 2023, at 12:41 PM, Knoepfler, Aliana C. <AKnoepfler@winston.com> wrote:


**[WARNING: External Email]**
Eric,

We are available on Monday from 10:30-11:30. I will circulate a dial-in.

Best,
Aliana


**Aliana C. Knoepfler**

**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com

**From:** Stock, Eric J. <EStock@gibsondunn.com>
**Sent:** Friday, November 10, 2023 12:24 PM
**To:** Knoepfler, Aliana C. <AKnoepfler@winston.com>; Obear, Josh <JObear@gibsondunn.com>; Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.

Aliana, we can do 5-530.   It might be more convenient and give us more time to discuss if we did this Monday morning (Josh and I are free before 1130) but we can do 5-530 today if you prefer.

**Eric J. Stock**
Partner

T: +1 212.351.2301 | M: +1 347.835.9039
EStock@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

**From:** Knoepfler, Aliana C. <AKnoepfler@winston.com>
**Sent:** Friday, November 10, 2023 12:05 PM
**To:** Obear, Josh <JObear@gibsondunn.com>; Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Stock, Eric J. <EStock@gibsondunn.com>; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.

[WARNING: External Email]
Josh,

Could you please confirm that today at 4:30 ET works for your team? I can circulate a dial-in.

Best,
Aliana

**Aliana C. Knoepfler**
Associate Attorney

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-6732

F: +1 212-294-4700

VCard | Email | winston.com

<image003.jpg>

---

**From:** Knoepfler, Aliana C.
**Sent:** Thursday, November 9, 2023 5:22 PM
**To:** Obear, Josh <JObear@gibsondunn.com>; Torpey, Susannah <STorpey@winston.com>; ajoyce@mccarter.com; Stock, Eric J. <EStock@gibsondunn.com>; Shokralla, Beshoy <BShokralla@gibsondunn.com>; Kondic, Suzi <SKondic@gibsondunn.com>; DSilver@McCarter.com
**Cc:** Dobie, W. Gordon <WDobie@winston.com>; Olsen, Matthew <MOlsen@winston.com>; Heller, Garrett C. <GHeller@winston.com>; Dan Rath <rath@lrclaw.com>; Rebecca Butcher <butcher@lrclaw.com>; cree@lrclaw.com
**Subject:** RE: Sage Chemical et al. v. Supernus et al.

Josh,

We are available tomorrow at 4:30 ET to discuss custodians and RFPs. Please confirm this time works for you.

As you know, you stated during our prior calls that you would get back to us on certain RFPs. These include: RFP 33 (confirm USWM's productions will include centralized files); RFP 41(e) (confirm you will not limit productions to documents "sufficient to show" because whether BD could have easily manufactured a larger quantity is highly relevant to Defendants' purported justification for BD exclusivity); RFPs 45-46 (clarify whether USWM intends to withhold any responsive documents from between June 1, 2015 and June 9, 2020); RFPs 52 and 64 (clarify whether USWM has any responsive document productions, affidavits, transcripts, or sworn statements in its possession); and RFP 73 (confirm that you will also produce documents concerning the apomorphine infusion pump). Please provide USWM's final positions on these points.

In addition, for RFPs 8, 9(c), 10(c), 12-13, and 15-18, please confirm whether you will comply with your Rule 34 obligations to identify whether you are withholding documents that are responsive to each of these Requests.

Best,
Aliana

**Aliana C. Knoepfler**
**Associate Attorney**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-6732

# Exhibit 11

From:        pbj@usworldmeds.com [pbj@usworldmeds.com]
Sent:        5/21/2018 8:54:16 AM
To:          bojwhitman@aol.com
Subject:     Here are the two documents our Lobbyists will be using to try and help us.
Attachments: 5-18-18 OIG 1 pager (accepted).docx; 5-18a-18 Lucemyra Approval quotes.docx

The linked image cannot

P. Breckinridge Jones | Chief Executive Officer
o 502.815.8101  | m 502-387-8303
4441 Springdale Rd | Louisville, KY 40241 [...]

This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents (including any attachments) by persons other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify us immediately by reply e-mail so that we may correct our internal records. Please then delete the original message (including any attachments) in its entirety. Thank you.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00266020



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00266021



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00266023

# Exhibit 12



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00462407