IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAGE CHEMICAL, INC. AND TRUPHARMA, LLC, | ) ) ) |
| *Plaintiffs*, | ) C.A. No. 22-1302-CJB ) ) |
| v. | ) ) ) |
| SUPERNUS PHARMACEUTICALS, INC., *et al.*, | ) Public Version Filed January 24, 2025 ) ) |
| *Defendants*. | ) ) |

**PLAINTIFFS' REPLY REGARDING USWM, LLC'S PRODUCTION
OF DOCUMENTS FROM PRIOR LITIGATIONS**

OF COUNSEL:

W. Gordon Dobie
WINSTON & STRAWN LLP
35 W Wacker Drive
Chicago, IL 60601

Susannah P. Torpey
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Plaintiffs seek transcripts and documents from two litigations that are relevant to the claims and defenses here in that they entail a "conspiracy" to inflate the price of Apokyn using Circle of Care services Defendants have put at issue. D.I. 610. USWM does not dispute these cases related to Apokyn, Apokyn price increases, and the Circle of Care, (D.I. 620), but argues they involved kickback claims. *Id.* Courts are clear that there is no requirement that the prior litigation had the same claims and compel production where there are overlapping *factual* issues consistent with the standard permitting discovery of any factual "matter that could bear on any issue."[1] The 700% price increase *is* probative of "whether Apokyn faced competition" and monopoly power *today* because US WorldMeds could not have profitably raised prices by that amount if there had been competition and also has not since lowered prices by maintaining that power. USWM's argument that the information is not relevant because it occurred before Plaintiffs entered the market ignores both the Complaint and case law. *See, e.g.*, D.I. 579 ¶¶ 213, 314-19, 327; *Eastman Kodak Co. v. Image Tech. Servs. Inc.*, 504 U.S. 451, 478 (1992) (competitor excluded by monopolist's tying shows standing with "higher [ ] prices and market foreclosure … exactly the harm that antitrust laws aim to prevent"); *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217-18 (D. Del. 1985) (compelling production re "artificially high" pricing prior to competing with movant; discovery to start of conduct "may be needed to uncover evidence of invidious design, pattern, or intent").

Plaintiffs served this request years ago and have been delayed only by USWM's refusal to disclose if responsive materials exist. D.I. 610 Exs. 8, 10. Plaintiffs just learned Wednesday in a deposition that key witness Lee Warren *was* deposed (as presumably others were) for these cases around 2018 when Defendants were focusing on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1. There can be no undue burden associated with producing transcripts concerning Apokyn from this critical time. USWM cites Fed. R. Evid. 404, but ignores subsection (a)(3) permitting character evidence for impeachment under Rule 607; Fed. R. Evid. 613, which permits impeachment with prior inconsistent statements; and 17 C.F.R. § 201.235, permitting the introduction of sworn statements.

Nor can USWM substantiate a burden of reproducing a production already reviewed and made to the DOJ when it has not even disclosed the size of that production. USWM's own case, *Michael Kors, LLC v. Su Yan Ye*, expressly instructs that "Rule 34 imposes the responsibility on a responding party to state what it is withholding" and cautions that "failure to comply … carries serious consequences," including "a waiver of all objections" where objections fail to state "with specificity" whether "material is being withheld." 2019 WL 1517552, at *3 (Apr. 8, 2019). USWM cannot claim the documents are duplicative because it has not disclosed the source of the production, and an email search for "antitrust" or "unfair competition" would not hit on materials discussing "qui tam" or "kickback" cases. USWM also admits it refused to produce documents from before June 2014. D.I. 620. Plaintiffs respectfully request that the Court order USWM to produce transcripts and any productions before the next USWM deposition on January 28, 2025.

---

[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *U.S. v. Abbott Lab'ys*, 2016 WL 4247429, at *5 (E.D. Pa. Aug. 11, 2016); *Glaukos Corp. v. Ivantis, Inc.*, 2019 WL 12536180, at *3-5 (N.D. Cal. Sept. 4, 2019); *Sayce v. Forescout Techs. Inc.*, 2024 WL 4579061, at *2 (N.D. Cal. Sept. 3, 2024); *Bennett v. Segway, Inc.*, 2011 WL 4965179, at *3 (W.D.N.C. Oct. 19, 2011). USWM's cases are inapposite. *Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc.* 265 F.R.D. 589, 597 (N.D. Fla. 2010) (addressing whether produced documents were in public record); *BioDelivery Scis. Int'l, Inc. v. Chemo Rsch., SL*, C.A. No. 19-444 (D. Del. Apr. 21, 2020) (product in prior litigation not asserted to be prior art).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

| | |
|---|---|
| OF COUNSEL: | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP |
| W. Gordon Dobie<br>WINSTON & STRAWN LLP<br>35 W Wacker Drive<br>Chicago, IL 60601<br>(312) 558-5600<br>WDobie@winston.com | /s/ Dominick T. Gattuso<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law |
| Susannah P. Torpey<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700<br>STorpey@winston.com | |

Dated: January 17, 2025

# Exhibit 1

███████████████



HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY                                             USWM_00111781

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

USWM_00111782

## **CERTIFICATE OF SERVICE**

I, Dominick T. Gattuso, certify that, on January 17, 2025, I served a copy of the foregoing [Sealed] Plaintiffs' Reply Regarding USWM, LLC's Production of Documents from Prior Litigations (with [Sealed] Exhibit 1) upon counsel of record via e-mail.

Dated: January 17, 2025                                       */s/ Dominick T. Gattuso*
                                                                              Dominick T. Gattuso (#3630)